UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAKOTA JAMES HOFFMAN,<br><br>Defendant. | Case No. 1:20-CR-00152-BLW<br><br>**REPORT AND RECOMMENDATION** |

On March 1, 2022, Defendant DAKOTA JAMES HOFFMAN appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 36.) The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

REPORT AND RECOMMENDATION - 1

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government has not moved for detention. At the initial appearance conducted on September 3, 2020, the parties agreed to Defendant's continued release upon the same terms and conditions previously imposed during by the Northern District of California during the Rule 5(c) hearing. (Dkt. 4, 6.) The Court entered an Order setting conditions of release and Defendant has remained on release since September 3, 2020. (Dkt. 9.) Probation reported Defendant was observed consuming alcohol on September 13, 2020 and tested positive for an illegal substance on September 29, 2020. (Dkt. 10.) Following the report of non-compliance, Defendant was allowed to remain on release with increased testing and home visits. (Dkt. 10, 29.) Since September 2020, Probation reports Defendant has complied with the terms of his release.

Probation further reports that Defendant has maintained employment, resides with his father who is the third-party custodian, reports as directed, and is otherwise in compliance with release conditions. (Dkt. 29.) Defendant is currently participating in a dialectical behavior therapy program. The Government does not oppose Defendant's

**REPORT AND RECOMMENDATION - 2**

continued release and advised that it has no reason to believe the Defendant presents a risk of flight or danger to the public.

Upon consideration of the totality of the circumstances presented in this case; the stringent conditions of release, including posting an unsecured bond of $100,000.00, a third-party custodian, travel restrictions, abstain from the unlawful use of drugs and alcohol, and drug testing; the disruption in the course of Defendant's treatment program; and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant DAKOTA JAMES HOFFMAN's plea of guilty to Count One of the Indictment (Dkt. 1).

2) The District Court order forfeiture consistent with Defendant DAKOTA JAMES HOFFMAN's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 36).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count Two of the Indictment (Dkt. 1) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release (Dkt. 9).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 1, 2022

Honorable Candy W. Dale
Chief United States Magistrate Judge